State v. Leester.

THE STATE, ELIZABETH LIBRARY ASSOCIATION, prosecutors, *vs.* WILLIAM LEESTER, Collector of the City of Elizabeth.

The charter of the Elizabeth Library Association authorizes "the establishment of a library, with all proper conveniences and appurtenances, and the erection of a suitable edifice for its accommodation, with a view to advance the interests of learning generally," and provides that the association may hold such real estate as may be necessary for the purpose of carrying out its object; and further provides that the association, its stocks and its real and personal property, shall be exempt from taxation. *Held,* that a building erected by them, a part of which is used for the purposes of the association, and the remainder leased out for stores, a public hall, and other purposes, is exempt from taxation.

In error to the Supreme Court.

*Chetwood* and *Magie,* for plaintiffs in error.

*R. S. Green* and *B. Williamson,* for defendants.

The opinion of the court was delivered by

ELMER, J. The Elizabeth Library Association, by its charter, granted in 1856, "for the establishment of a library, with all proper conveniences and appurtenances, and the erection of a suitable edifice for its accommodation, with a view to advance the interests of learning generally," is authorized to hold, by donation, purchase, or otherwise, and also to lease and convey real and personal estate, for the purpose of carrying out its object. The capital stock is not to exceed seventy-five thousand dollars, to be divided into shares of twenty-five dollars each, with power to commence operations as soon as ten thousand dollars should be subscribed.

By the seventh section it is provided that no state, county, city, or other public assessments, taxes, or charges whatsoever, shall at any time be levied or imposed upon the said association, or upon the stocks or estate, real or

State v. Leester.

personal, which should become vested in them under said act.

It appears that the association acting under this charter has erected a building, the value of which is estimated by the assessor at twenty-five thousand dollars. The front part of the lower story of the building is occupied by two stores, which are rented; on the same floor is a hall, let out for balls, concerts, and public meetings; a room in the third story is used by the lyceum association, and another by the free masons' lodge, the rest of the building being used for the library. The assessor laid an assessment on the building, rating it at the value of ten thousand dollars. This assessment having been brought by *certiorari* before the Supreme Court, it was adjudged that the said library association is liable to pay a tax for and upon all property owned by it, and not in its immediate use and occupancy for the purposes designated in its charter; and that, so far as the assessment accords with that opinion, it be confirmed and stand in full force and effect. The question now presented for the decision of this court is, whether the association is, under the circumstances stated, liable to any tax for said building, or any part of it.

The case of *State* v. *Mansfield*, 3 *Zab.* 510, and other subsequent cases founded on the decision in that case, have been relied on as ruling this; but they differ very materially from this case. The charters in those cases exempt the companies from taxation in very general terms, and it was much disputed whether that exemption should be held to go further than the mere franchises. It was, however, finally settled that all the property of the companies held for the necessary purposes of their business was free from taxation for state, county, city, or township purposes. *Gardner* v. *The State*, 1 *Zab.* 557. The case of The State *v.* Mansfield adhered to this decision, and held that the property acquired by such corporations, which was not necessary for the purposes contemplated,

but only convenient for their business, was liable to be taxed.

In the charter now under consideration the exemption is much more full and explicit. All the stocks and estate, real or personal, which should become vested in the association under the act, are in express terms declared to be exempt. However impolitic we may deem such an exemption, and however disposed, as we certainly are, to discountenance the extension of chartered powers by implication, this language is too plain to be mistaken. The obvious intention is, not only to authorize the erection of a library building, properly so called, and to exempt it from taxation, but to allow the association to acquire and hold real and personal estate, including stocks, not exceeding in value their designated capital, and to rent their real estate, and derive a revenue from it and from stocks, to be applied to the objects contemplated, all of which is in terms declared to be free from taxation. Nothing appears to induce any suspicion, that under the pretence of accommodating a library, and of procuring books and defraying the necessary expense of allowing free access to them, and of advancing the interests of learning generally, they have engaged in any business inconsistent with these objects. They have rented some of their rooms, but this is the exercise of a power expressly conferred on them, and does not subject them to any tax for their value or upon the income derived therefrom. I am therefore of opinion that the judgment of the Supreme Court is erroneous, and must be reversed.

*For affirmance*—None.

*For reversal*—The CHANCELLOR, and Judges BROWN, ELMER, HAINES, OGDEN, VAN DYKE, VREDENBURGH, COMBS, CORNELISON, KENNEDY, and WOOD.

CITED *in Cook* v. *State*, 4 *Vr.* 481; *State* v. *Hancock*, 6 *Vr.* 545.